*176
 
 Nash, J.
 

 BenA.min Clagon, by will, bequeathed to his daughter Matilda Brown, during her life, two negroes, Tom and Hasty, with remainder over in case of her dying without leaving heirs. The plaintiff is the executor of the will, and files the bill to protect the interest of those in remainder, as the trust is of such a nature, as to require him to take care of their interest. The legatee, Matilda Brown, married the defendant Veasey, who took the slaves into possession; and the bill charges, “ that the defendant hath offered to sell the slave Hasty and hath expressed a determination or desire to have her carried out of the limits of this State, and hath used means and attempted to do so and to have the same done, thereby intending to convert the entire value of said slave to his own use/' It charges, “that the defendant has endeavoured and is still endeavouring to sell Hasty to one John Pettijohn,’ and hath made application tp-one -Simmona to carry said negro woman out of the limits of‘this State.,’’- The bill prays that the defendant may be- enjoined from removing said negroes or either of them out of the State, iarid, from selling them or cither of them with that intent: andffurther, that he enter into bond with sureties for their forthcoming, when his wife’s life estate falls in. Upon this bill a writ of injunction was issued to the defendant restraining him from removing or disposing of the woman Hasty, in fraud of the plaintiff’s righis, and particularly, from removing, or causing her to be removed from the State of North Carolina.
 

 The answer of the defendant states, that, when he married Matilda Brown, he found her in possession of the ne-groes, Tom and Hasty, and believed they were her absolute property: that, in consequence óf a punishment, inflicted upon Hasty by her mistress, for her insolence, she ranaway ; when his wife insisted he should sell her: that he accordingly applied to Joseph Rhodes to ascertain from’ a Mr. Simmons, if he would take her to Norfolk and sell her for him ; that there ^the matter dropt: that he never spoke to
 
 *177
 
 Simmons upon the subject: that John C. Pettijohn applied to him to purchase Hasty, and offered him for her $500, which he refused at that time to take, and when he next saw Pettijohn, the latter told him he had seen the will of Benjamin Clogen, and that his title was but for life^ — upon, which, he told him, if that was the case, he would not sell her, nor has he made any attempt to do so since; nor does he intend to do so. This occurred about a year before the bill was filed.
 

 Upon the coming in of the answer the injunction was continued to the hearing, and the defendant appealed to the Supreme Court.
 

 The answer is to us entirely satisfactory, that the defendant has no intention to sell either of negroes, and that his attempts to do so were made when he honestly believed he had an absolute right to them. Equity will nqtenjoin a tenant for life from removing the proper^ to give security for the forthcoming of iti be shown, that it i= in danger of being r$ jurisdiction of the Court,
 

 The defendant had cause to complaiij ry order in this case, and it is reversed.
 

 This opinion will be- certified to the Washington County.
 

 Pkk Curiam. Ordered accordingly.